## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.:_____

NICOLE ANN DEANGELIS

       Plaintiff,

v.

WAL-MART STORES, INC.,

AND

PEOPLEREADY, INC. f/k/a Labor Ready

       Defendants.

---

## NOTICE OF REMOVAL

---

Defendant Wal-Mart Stores, Inc., ("Wal-Mart" or "Defendant"), by and through counsel, Baird Quinn LLC, hereby removes this action from the District Court, County of Douglas, to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

As grounds therefore, Wal-Mart states as follows:

1.      On or about September 5, 2017, Plaintiff Nicole DeAngelis filed a Complaint for Damages against three corporate entities, Wal-Mart Stores, Inc., ("Wal-Mart") True Blue d/b/a Labor Ready d/b/a PeopleReady ("True Blue"), and Patton-Roth, Ltd. d/b/a People Finders of Colorado, Inc. ("Patton-Roth").

2.      Plaintiff, a resident of the State of Colorado, alleged a state law negligent hiring claim against Defendants True Blue and Patton-Roth, and a state law negligent supervision claim against Defendant Wal-Mart. *See* Complaint, ¶ 1.

3.      According to the Complaint, Defendants Wal-Mart and True Blue were foreign corporations authorized to conduct business in the State of Colorado.  *See* Complaint, *¶¶* 2, 3.

4.      According to the Complaint, Defendant Patton-Roth was a corporation with its principal place of business within the State of Colorado.  *See* Complaint, ¶ 4.

5.      According to the Civil Cover Sheet filed in the Douglas County action, Plaintiff seeks to recover an amount in excess of One Hundred Thousand Dollars ($100,000.00) against Defendants.  *See* Civil Cover Sheet, p. 2.  *Paros Properties LLC v. Colorado Casualty Insurance Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (civil cover sheet is an "other paper" that put the defendant on notice that the amount in controversy exceeded $75,000).

6.      On or about November 15, 2017, Plaintiff filed an Unopposed Motion to Amend Complaint for Damages and proposed Amended Complaint for Damages.  In the Motion to Amend, Plaintiff moved to amend the Complaint to change all references to True Blue to PeopleReady, Inc. f/k/a Labor Ready ("PeopleReady"), and to dismiss Defendant Patton-Roth from the action.  *See* Unopposed Motion to Amend Complaint, p. 3.

7.      On or about November 17, 2017, the Court granted Plaintiff's Motion to Amend Complaint.  Plaintiff filed her Amended Complaint on November 21, 2017. *See* Amended Complaint.

8.      The Amended Complaint asserts claims only against Wal-Mart and PeopleReady.  According to the Amended Complaint, Wal-Mart and PeopleReady are both foreign corporations with their principal places of business in the States of Arkansas

and Washington, respectively.  *See* Amended Complaint, ¶¶ 2, 3.  Thus, according to the

Amended Complaint, both Defendants are citizens of the States of Arkansas and

Washington, respectively.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-93 (2010) (a

corporation's principal place of business, for diversity purposes, is its nerve center); §

1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by

which it has been incorporated and of the State or foreign state where it has its principal

place of business").

9.      First, Plaintiff resides in Colorado, which is prima facie evidence of

domicile and, therefore, citizenship. Amended Complaint, ¶ 1.  *See State Farm Mut.*

*Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is

prima facie the domicile."); *Davis & Assocs., PC v. Westchester Fire Ins. Co.*, No. 10-cv-

03126-REB-CBS, 2011 U.S. Dist. LEXIS 109042, at *7 (D. Colo. Sep. 26, 2011) ("For

purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to

domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006)).  In addition,

the Amended Complaint, ¶ 5, also notes that the incident giving rise to this case allegedly

occurred in October 2015 when Plaintiff was working at a Wal-Mart located in Highlands

Ranch, Colorado.  Upon information and belief, Plaintiff resided in Colorado at the time

of the alleged incident and during the time of the related criminal trial and testified at that

proceeding.[1]  Thus, evidence suggests that Plaintiff has been a citizen of Colorado for no

less than the last two years. *See Garcia v. Graves*, 2012 WL 5897188 (D. Colo. Nov. 21,

2012) (not reported) ("The fact that the parties have resided in the same states for more

---

[1] Although that criminal trial resulted in acquittals, because Plaintiff was the alleged victim, her name does
not appear in the publically available documents.

than three years shows that the state of their residency is also likely the state of their citizenship." (citing *Walden v. Broce Constr. Co.*, 367 F.2d 242, 245 (10th Cir. 1966)).

10.     The Amended Complaint is the first pleading alleging complete diversity between Plaintiff and Defendants.  Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is now between citizens of different States.  Also, the matter in controversy exceeds $75,000.00.  Removal is therefore proper under 28 U.S.C. § 1441(a).

12.     This Notice of Removal has been filed within thirty (30) days of the amended pleading alleging complete diversity between Plaintiff and Defendants and, therefore, has been timely filed.

13.     Pursuant to 28 U.S.C. §  1446(b)(2)(A), all Defendants consent to the removal of the action.

14.     Venue is proper in this Court because this is the judicial district in which Plaintiff claims the allegedly tortious conduct occurred and because, pursuant to 28 U.S.C. § 1441(a), this is the Court embracing the place where the removed action was pending.

15.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81.1, Wal-Mart has attached the following pleadings:

a.      Complaint for Damages;

b.      Civil Case Cover Sheet;

c.      Summons (on Wal-Mart Stores, Inc.);

d.      Summons on Labor Ready;

e.      Summons on Labor Finders (Patton Roth LTD);

f.      Delay Reduction Order;

g.      Affidavit of Service upon TrueBlue;

h.      Affidavit of Service upon Wal-Mart Stores, Inc.;

i.      Entry of Appearance of Beth Doherty Quinn for Wal-Mart Stores, Inc.;

j.      Entry of Appearance of J. Mark Baird for Wal-Mart Stores, Inc.;

k.      Defendant Wal-Mart Stores, Inc.'s Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint;

l.      Stipulation for Extension of Time to File Responsive Pleading;

m.      Order Granting Wal-Mart's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint;

n.      Order Granting (PeopleReady's) Stipulation for Extension of Time to File Responsive Pleading;

o.      Defendant (PeopleReady's) Motion for Extension of Time to Answer;

p.      Plaintiff's Response to Defendant PeopleReady, Inc.'s Motion for Extension of Time to File Responsive Pleading;

q.      Order Granting (Defendant PeopleReady, Inc.'s) Motion for Extension Time to File Responsive Pleading;

r.      Notice of Mailing by ICCES to Patton Roth LTD returned to sender;

s.      Defendant Wal-Mart Stores, Inc.'s Answer to Complaint;

t.      Defendant PeopleReady's Answer to Complaint;

u.      Order to Plaintiff to File Status Report re: Delay Reduction Order;

v.      Notice to Set Case Management Conference;

w.      Return Mail for Patton Roth LTD returned to sender;

x.      Plaintiff's Unopposed Motion to Amend Complaint with proposed Amended Complaint;

y.      Order Granting Plaintiff's Unopposed Motion to Amend Complaint; and

z.      Plaintiff's Amended Complaint for Damages.

No other process, pleadings, motions, orders, or other papers have been filed or served upon Wal-Mart and no state court hearing is presently set.

16.     Also, pursuant to 28 U.S.C. § 1446(d), Wal-Mart has given written notice of this Notice of Removal to all adverse parties and has given notice of this Notice of Removal with the Clerk of the District Court for the State of Colorado, Douglas County under the proper case number, 2017cv030836, Div. 5.

Dated this 5th day of December, 2017.


                                    Respectfully submitted,

                                     s/ J. Mark Baird_____
                                    J. Mark Baird
                                    Baird Quinn LLC
                                    2036 East 17th Avenue
                                    Denver, Colorado  80206
                                    Telephone:  303-813-4500
                                    Facsimile:  303-813-4501
                                    Email:   jmb@bairdkiovsky.com

                                    Attorneys for Wal-Mart Stores, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 5th day of December 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will provide notice of such filing to the following:

jelio@elawone.net
james@elawone.net

Attorneys for Plaintiff Nicole DeAngelis

nschacht@bakerlaw.com
xhenderson@bakerlaw.com

Attorneys for Defendant PeopleReady, Inc.

*s/ Sara A. Schwenner*