| | |
|---|---|
| **DISTRICT COURT DOUGLAS COUNTY, COLORADO**<br>4000 Justice Way<br>Castle Rock, CO 80109 | |
| Plaintiff:<br>**NICOLE ANN DEANGELIS**<br><br>v.<br><br>Defendant:<br>**WAL-MART STORES, INC., TRUE BLUE d/b/a LABOR READY d/b/a PEOPLE READY, AND PATTON-ROTH, LTD d/b/a PEOPLE FINDERS OF COLORADO, INC.** | DATE FILED: September 5, 2017 1:23 PM<br>FILING ID: 151E4EDA8FB53<br>CASE NUMBER: 2017CV30836<br><br><br>▲ COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Joseph M. Elio, #14066<br>James Anderson, #49511<br>Law One, P.C.<br>1499 Blake Street, Ste. 1J<br>Denver, CO 80202<br>p: (303) 831-8313 ‖ f: (720) 500-0241<br>jelio@elawone.net ‖ james@elawone.net | Case No.:<br><br><br>Division No.: |
| **COMPLAINT FOR DAMAGES** ||

COMES NOW the Plaintiff, Nicole DeAngelis (hereinafter "Plaintiff") by and through her attorneys, Law One, and for her Complaint states and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times pertinent to this action, the Plaintiff Nicole Ann DeAngelis (hereinafter "Plaintiff") was a resident of the city and county of Denver, State of Colorado.

2. Upon information and belief, Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant Wal-Mart") was and is a foreign Corporation authorized to conduct business in the County of Douglas, State of Colorado with a principal address of 708 SW 8th Street, Bentonville, AR 72716.

3. Upon information and belief, Defendant True Blue d/b/a Labor Ready d/b/a People Ready (hereinafter "Defendant Labor Ready") was and is a foreign corporation authorized to conduct business in the State of Colorado with a principal address of 1015 A Street, Tacoma, WA 98402.

4. Upon information and belief, Defendant Patton-Roth, L.T.D. d/b/a Labor Finders of Colorado, Inc. (hereinafter "Defendant Labor Finders") was and is a Corporation authorized to conduct business in the State of Colorado with a principal address of 2828 N. Nevada Avenue, Colorado Springs, CO 80907.

5. Venue is proper pursuant to C.R.C.P. 98.

6. The incident giving rise to this case is a sexual assault that occurred on October 13, 2015 at or near Wal-Mart, 6675 Business Center Drive, Highlands Ranch, CO 80130 (hereinafter the "Incident").

7. Upon information and belief, Defendant Labor Ready hired Johnifer Griffin (hereinafter "Griffin") to work at Wal-Mart where the incident occurred.

8. Upon information and belief, Defendant Labor Finder hired Plaintiff to work with Wal-Mart where the incident occurred.

9. Upon information and belief, Defendant Wal-Mart contracted with Labor Ready and Labor Finders for laborers to work where the incident occurred.

10. On the date of the Incident, Griffin was employed by Labor Ready to work for Wal-Mart located at 6675 Business Center Drive, Highlands, CO 80130 where the incident occurred.

11. On the date of the Incident, Plaintiff was employed by Labor Finders to work at Wal-Mart located at 6675 Business Center Drive, Highlands Ranch, CO 80130 where the incident occurred.

12. On October 13, 2015, Plaintiff and Griffin were working at Wal-Mart as a stocker.

13. While they were working together stocking on the same aisle, Griffin was making sexual comments towards Plaintiff.

14. Plaintiff asked Griffin to stop making sexual comments towards her, then went to lunch.

15. When Plaintiff returned from lunch she continued to stock shelves on the same aisle as Griffin as instructed by her supervisor at Wal-Mart.

16. As Plaintiff squatted down to stalk the lower shelf, Griffin physically sexually assaulted Plaintiff from behind.

17. Immediately after the incident, Plaintiff reported the incident to the personnel office at Defendant Wal-Mart.

18. Management from Wal-Mart spoke to both the Plaintiff and Griffin, then sent them both home from work.

19. As Plaintiff left Wal-Mart, Griffin's girlfriend, who also worked at Wal-Mart, threatened to physically assault the Plaintiff.

20. Upon information and belief, Wal-Mart was responsible for enforcing workplace rules as well as responding to complaints regarding sexual physical and verbal assault on the premises controlled by Defendant Wal-Mart.

21. Defendant Wal-Mart did not enforce its regulations.

22. Defendant Wal-Mart was responsible for regulating the conduct of contracted employees where the incident occurred.

23. Upon information and belief, as part of its duties and responsibilities as the Employer, Defendant Labor Ready was responsible for exercising a duty of reasonable care in the selection of its employees.

24. Upon information and belief, Defendant Labor Ready had a duty to investigate Griffin's criminal record.

25. Upon information and belief, Defendant Labor Ready was responsible for alerting Wal-Mart and Plaintiff of the dangers and consequences of allowing persons with extensive criminal records, such as Griffin, to work through contract at Wal-Mart as a stocker.

26. Griffin has an extensive criminal record.

27. Griffin has been arrested or convicted of: Assault, Theft, Harassment, Shoplifting, Possession of a Controlled Substance, Domestic violations Contempt of Court and Robbery.

28. Defendant Labor Ready and Defendant Wal-Mart either knew, or should have known that Griffin has an extensive record.

29. Defendant Labor Ready did not alert Wal-Mart or Plaintiff of the dangers and consequences of allowing Griffin to work through contract for Wal-Mart as a stocker.

30. Defendant Labor Ready took no action against Griffin.

31. As a consequence of the Incident, Plaintiff sustained injuries, damages and losses.

32. Plaintiff's physical injuries sustained in the Incident include but are not limited to morbid obesity with BMI, which may require her to have Bariatric Surgery.

33. As a consequence of the Incident, Plaintiff sustained significant emotional injuries, including but not limited to anxiety, depression, PTSD, emotional distress, and mental anguish.

34. As a consequence of the injuries she sustained in the Incident, Plaintiff has incurred health care expenses and will in the future incur health care expenses.

35. Defendant Labor Ready and Defendant Wal-Mart is not entitled to any of the protections afforded by C.R.S. § 13-21-111.6 (Collateral Source) in connection with Plaintiff's Complaint.

36. Defendant Labor Ready and Defendant Wal-Mart is not entitled to any of the protections afforded by C.R.S. § 13-21-111.7 (Assumption of Risk) in connection with Plaintiff's Complaint.

37. Defendant Labor Ready and Defendant Wal-Mart is not entitled to any of the protections afforded by C.R.S. § 13-21-111 (Comparative Negligence) in connection with Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF:
NEGLIGENT HIRING
[Labor Ready]**

38. Plaintiff incorporates all previous allegations as if fully set forth herein.

39. Defendant Labor Ready employed Griffin to work at Wal-Mart as a stocker.

40. Defendant Wal-Mart agreed to allow Griffin to work at the Wal-Mart store as a stocker.

41. Defendant Labor Ready either knew or should have known of Griffin's dangerous proclivity.

42. Defendant Labor Ready either knew or should have known of Griffin's prior criminal record prior to hiring him to work at Wal-Mart as a stocker.

43. By failing to check Griffin's prior criminal record prior to hiring Griffin Labor Ready was negligent in that it did not use reasonable care to prevent injuries or damages that could have been reasonably anticipated.

44. By failing to warn others of the dangers, Defendant Labor Ready was negligent in that it did not use reasonable care to prevent injuries and damages that could have been reasonably anticipated.

45. Because of Griffin's prior assault records, Defendant Labor Ready actually knew of or should have known of the dangers posed by Griffin, but Defendant Labor Ready unreasonably failed to warn Plaintiff of these dangers that were not ordinarily present on the premises and boundaries controlled by Defendant Wal-Mart.

46. Plaintiff suffered injuries, damages and losses as a result of such negligence.

47. The negligence of Defendant Labor Ready was a cause of Plaintiff' injuries, damages and losses.

48. As a direct and proximate result and consequence of the verbal and physical sexual assault by Griffin and negligence of Defendant Labor Ready, Plaintiff has suffered injuries, causing physical, mental, and emotional pain and suffering, as well as emotional distress.

    WHEREFORE, Plaintiff requests damages as set forth in the Request for Relief.

## SECOND CLAIM FOR RELIEF:
## NEGLIGENT SUPERVISION
## [Wal-Mart]

49. Plaintiff incorporates all previous allegations as if fully set forth herein.

50. Defendant Labor Ready employed Griffin to work at Wal-Mart as a stocker.

51. Defendant Wal-Mart agreed to allow Griffin to work at their store who was contracted by Wal-Mart as a stocker.

52. Wal-Mart had the right to control Griffin's conduct.

53. Because Griffin was loaned out by Labor Ready to Wal-Mart for a special service or project, Wal-Mart became employer of Griffin. Defendant Wal-Mart either knew or should have known of Griffin's dangerous proclivity.

54. Defendant Wal-Mart either knew or should have known of Griffin's prior criminal record prior to hiring him to work at Wal-Mart as a stocker.

55. By failing to check Griffin's prior criminal record prior to hiring Griffin, Defendant Wal-Mart was negligent in that it did not use reasonable care to prevent injuries or damages that could have been reasonably anticipated.

56. By failing to warn others of the dangers, Defendant Wal-Mart was negligent in that it did not use reasonable care to prevent injuries and damages that could have been reasonably anticipated.

57. Because of Griffin's prior criminal history, Defendant Wal-Mart actually knew of or should have known of the dangers posed by Griffin, but Defendant Wal-Mart unreasonably failed to warn Plaintiff of these dangers that were not ordinarily present on the premises and boundaries controlled by Defendant Wal-Mart.

58. It was Defendant Wal-Mart's duty to use reasonable care and prudence to protect those persons on property within their supervision.

59. Plaintiff suffered injuries, damages and losses as a result of such negligence.

60. The negligence of Defendant Wal-Mart was a cause of Plaintiff' injuries, damages and losses.

61. As a direct and proximate result and consequence of the verbal and physical sexual assault by Griffin and negligence of Defendant Wal-Mart, Plaintiff has suffered injuries, causing physical, mental, and emotional pain and suffering, as well as emotional distress.

WHEREFORE, Plaintiff prays for judgment against the Defendant's Labor Ready, Labor Finders, and Wal-Mart and in favor of Plaintiff, and for damages in an amount which will fully and adequately compensate her for her injuries, damages and losses sustained as a result of the Defendant's Labor Ready and Wal-Mart's negligence, including, but not limited to, physical and mental pain and suffering, loss of enjoyment of life, past and future medical expenses, medical and rehabilitative expenses. Plaintiff requests the Court to enter judgment in her favor and against Defendant's Labor Ready, Labor Finders, and Wal-Mart for costs, expert witness fees, prejudgment interest from the date of the aforesaid acts of negligence at the highest rate allowed by law, attorney's fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 5th day of September 2017:

*Electronically filed—duly signed original signature of Joseph M. Elio available at the offices of Law One.*

*/s/Joseph M. Elio*
Joseph M. Elio
Law One

<u>Address of Plaintiff:</u>
Nicole Ann DeAngelis
1589 Lowell Blvd., #B
Denver, CO 80204